IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION § <br> OF COASTAL PRODUCTION LLC, AS § <br> OWNER OF THE VESSEL § <br> JONATHAN WOODWARD, ITS ENGINES, § <br> TACKLE, ETC., IN A CAUSE OF § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | C.A. NO. 2:25-cv-00139 |

**VERIFIED COMPLAINT AND PETITION OF
COASTAL PRODUCTION LLC, AS OWNER OF THE VESSEL JONATHAN
WOODWARD, ITS ENGINES, TACKLE ETC., IN A CAUSE OF EXONERATION
FROM OR LIMITATION OF LIABILITY, CIVIL AND MARITIME**

Coastal Production LLC, as owner of the M/V JONATHAN WOODWARD ("Vessel"), its engines, tackle, etc. (hereinafter "Petitioner"), in a cause of exoneration from or limitation of liability files this Complaint and Petition and as cause alleges as follows:

**I.**

1. This is an admiralty or maritime law claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules").

**II.**

2. Jurisdiction exists pursuant to the Admiralty and Maritime jurisdiction of this Honorable Court, 28 U.S.C. § 1333 and the Limitation of Liability Act, 46 U.S.C. § 181 *et seq.*, as amended 46 U.S.C. § 30501 *et seq.* Venue is proper in the United States District Court for the Southern District of Texas under Rule F(9) of the Supplemental Rules because the Vessel has not been attached or arrested to answer the matters related to the hereafter described voyage, and suit has not been commenced against Petitioner or the Vessel related to the Incident, and because the

Vessel has a home port in Houston, Texas, and the Vessel is located within this district in Rockport, Texas.

### III.

3. At all relevant times, Petitioner was and is a business organized and existing under the laws of Texas with an office and place of business located at 4305 Highway 35 S., Rockport Texas, 78382, and was and is the owner of the M/V JONATHAN WOODWARD (sometimes referred to as the "Vessel").

4. At all relevant times, the M/V JONATHAN WOODWARD was and is a 1997 Breaux Bay Craft crew boat, flying the flag of the Unites States of America, with MMSI# 367798590, USCG# 586207, and call sign WDJ6520, of approximately of 50 gross tons and 61 feet in length.

### IV.

5. Petitioner used due diligence at all times to make and maintain the Vessel in all aspects seaworthy, and prior to the Incident described herein, the Vessel was and is in all respects seaworthy, and it was properly and efficiently manned, supplied, equipped, and furnished, and well and sufficiently fitted and supplied with suitable engines, machinery, tackle, apparel, appliances and furniture, all in good order and condition and suitable for the service in which the Vessel was engaged.

### V.

6. On December 3, 2024, the Vessel was engaged in what was planned to be a voyage from Galveston, Texas, to Rockport, Texas. The voyage began in Galveston, Texas, at around 1430 LT on December 3, 2024. At around 1758 LT on December 3, 2024, while the Vessel was South of Freeport, Texas, enroute to Rockport, Texas, one of the persons on the vessel allegedly fell and sustained personal injuries (the "Incident). The Vessel then turned around and returned to

Freeport, Texas, arriving at Surfside Marine in Freeport, Texas, at approximately 1900 LT on December 3, 2024, where it was met by EMS. The Vessel then proceeded to Rockport, Texas, arriving around 0400 LT on December 4, 2024.

### VI.

7. This Complaint is filed within six (6) months from the date of the Incident.

### VII.

9. The Incident was not due to any fault, neglect, or want of care on the part of Petitioner, the Vessel, or anyone for whom Petitioner may be responsible.

9. The Incident, and the resulting losses and damages, if any, liability for which is specifically denied, was done, occasioned or occurred without the fault, privity, or knowledge of Petitioner.

### VIII.

10. No additional injuries are known to have occurred as a result of the Incident or the voyage in question.

11. While the individual that fell while the Vessel was South of Freeport has asserted a claim for injuries as a result of the Incident, Petitioner is not aware of any formal litigation or any additional claims arising from the Incident or the voyage in question.

### IX.

12. An appraisal prepared by Sabine Surveyors reflects that the Vessel had a fair market valuation of $375,000.00 USD at the time of the Incident after the termination of the voyage ending on December 3, 2024. *See* Declaration of Lee (Max) Scafidi, NAMS-CMS with Condition and Retrospective Appraisal, attached as Exhibit A. Petitioner reserves the right to supplement and/or amend this paragraph as further facts are developed.

13. At the time of the Incident, the Vessel did not have a supply of cargo loaded on board and was off-hire, so the collectable and collected freight for the voyage was $00.00 USD. This is the amount of the pending freight recovered or recoverable for the voyage at the time of the Incident. (*see* Declaration of Ronald W. Dennis, attached as Exhibit B).

## X.

14. Petitioner herewith submits for Court approval, as security for the benefit of all potential claimants, the *Ad Interim* Stipulation of Value and Stipulation of Costs from RLI Insurance Co. on behalf of Petitioner in the sum of $376,000 USD, plus interest at six percent (6%) per annum from the date of the undertaking, said sum representing the total value of the Vessel and her appurtenances, plus freight pending, and security for costs, plus the supplemental personal injury fund. *See Ad Interim* Stipulation of Value and Stipulation of Costs, attached as Exhibit C ("*Ad Interim* Stipulation" herein).

## XI.

15. Petitioner claims exoneration from and limitation of liability from any and all injuries, deaths, losses, or damages occurring as a result of the aforementioned Incident and for any and all claims therefor. Petitioner maintains it has valid defenses thereto on the facts and on the law, and further alleges that the Incident occurred without the privity and knowledge of Petitioner. Alternatively, Petitioner, without admitting but affirmatively denying all liability, claims the benefit of the Limitation of Liability provided for in 46 U.S.C. § 30501, *et seq.,* and, to that end, Petitioner herewith deposits into the registry of the Court, as security for the benefit of all potential claimants, the aforementioned *Ad Interim* Stipulation.

## XII.

16. Should Petitioner be found liable and the amount or value of Petitioner's interest in the Vessel, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made

to share *pro rata* in the aforesaid sum represented by the *Ad Interim* Stipulation, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Admiralty Rules, the General Maritime Law, and by the rules and practices of this Honorable Court.

### XIII.

17. All and singular the premises of this Complaint for Exoneration from or Limitation of Liability are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, the Petitioner, Coastal Production LLC, asks that:

(1) This Court issue an Order approving the *Ad Interim* Stipulation submitted to the Court by Petitioner as security for the amount or value of its interest in the M/V JONATHAN WOODWARD as an *ad interim* stipulation of value;

(2) This Court issue an Order directing the issuance of a Monition to all persons, firms or corporations who might have any claim arising out of the Incident and/or voyage in question against Petitioner and/or the M/V JONATHAN WOORDWARD, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for the Petitioner on or before the time fixed by the Court in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before this Court as the Court may later direct, and also to appear and answer the allegations of this Petition according to the law and rules and practices of this Court at or before a certain time to be fixed by the Monition.

(3) Upon the approval of the *Ad Interim* Stipulation of Value and Stipulation of Costs with, or the giving of such stipulation as may be determined by the Court to be proper, an injunction shall issue restraining and enjoining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained arising out of or resulting from the Incident and/or voyage hereinbefore described and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against the Petitioner, the M/V JONTAHAN WOODWARD, or their agents or representatives, or any other person whatsoever for whom the Petitioner may be responsible with respect to any claim or claims arising out of the aforesaid activities.

(4) This Court issue a notice to all persons asserting claims with respect to which this Verified Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioner a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(5) This Court adjudge, after due proceedings, that Petitioner is not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the Incident, or for any claim therefor in any way arising out of or resulting from the aforesaid Incident;

(6) Alternatively, if Petitioner shall be adjudged liable, then such liability shall be limited to the amount or value of Petitioner's interest in the M/V JONATHAN WOODWARD, as aforesaid, at the time of the Incident, that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinafter prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging the Petitioner and its underwriters from all further liability; and

(7) Petitioner have such other and further relief as may be just and appropriate under the circumstances.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP

By: */s/ Ronald W. Dennis*
Ronald W. Dennis, Attorney-in-Charge
State Bar No. 24036469
Federal Bar No. 33889
Benjamin Buford
State Bar No. 24128928
Federal Bar No. 3839158
802 N. Carancahua, Suite 1300
Corpus Christi, TX 78401
Telephone: (361) 884-8808
Facsimile: (361) 884-7261
ronald.dennis@roystonlaw.com
benjamin.buford@roystonlaw.com
**ATTORNEYS FOR PETITIONER COASTAL PRODUCTION LLC**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF COASTAL PRODUCTION LLC, AS OWNER OF THE VESSEL JONATHAN WOODWARD, ITS ENGINES, TACKLE, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § | C.A. NO. 2:25-cv-00139 |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF NUECES | § |

BEFORE ME, the undersigned authority, on this day personally appeared Ronald W. Dennis, who being duly sworn, deposed and stated as follows:

"I am an attorney for Petitioner Coastal Production LLC in connection with the referenced matter. I have read the foregoing Verified Complaint and Petition in a Cause of Exoneration from or Limitation of Liability, Civil and Maritime, and know the contents thereof, and that the same are true to the best of my knowledge, information and belief, based upon documentation and information I received, which was provided to me by Petitioner."

_____
Ronald W. Dennis

SUBSCRIBED AND SWORN to before me on the 3 day of June, 2025.

CELINE BATT
Notary Public, State of Texas
Comm. Expires 03-19-2029
Notary ID 135504664

_____
Notary Public in and for the
State of Texas

67777:48748184